UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROY O. MARTIN LUMBER CO., LLC & MARTCO LIMITED PARTNERSHIP** | : | **CIVIL ACTION NO. 2:11-CV-804** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **HARTFORD STEAM BOILER INSPECTION & INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANUM RULING

Before the court is a Motion to Remand [doc. 7] filed by plaintiffs Roy O. Martin Lumber Company, L.L.C., (ROM). and Martco Limited Partnership (Martco). This motion is opposed by defendant Hartford Steam Boiler Inspection and Insurance Company (HSB). Doc. 17.

For the reasons set forth herein, the plaintiffs' motion is **GRANTED** and this suit is remanded to the Thirty-Third Judicial District Court for the Parish of Allen, State of Louisiana.

*Background*

This suit was originally filed on or about April 28, 2011 by Roy O. Martin Lumber Company, L.L.C. and Martco Limited Partnership in the Thirty-Third Judicial District Court for the Parish of Allen, State of Louisiana. Doc. 1, p. 1. The plaintiffs named HSB as the only defendant. Doc. 1, att. 3, p. 1.

The state court petition alleges that HSB is a party to a contract of insurance purchased by ROM. *Id.* Martco is one of the ROM related business entities listed as additional insured persons under the insurance policy. *Id.* The plaintiffs allege that HSB has failed to comply with its obligations under the insurance contract. *Id.* at 4.

On May 27, 2011, HSB removed this suit to federal court. Doc. 1. The basis for federal jurisdiction in the notice of removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 3. In support, HSB submits that it is a Connecticut corporation, with its principal place of business in Hartford, Connecticut and that ROM and Martco are both Louisiana business entities with their principal places of business in Alexandria, Louisiana. *Id.* at 2. Further, according to the state court pleadings, the plaintiffs seek in excess of $2 million; therefore, HSB concludes, federal diversity jurisdiction exists and removal is proper. *Id.* at 2-3.

On June 23, 2011, plaintiffs filed a motion to remand. Doc. 7. Plaintiffs argue that removal was improper because the parties are not completely diverse as required by 28 U.S.C. § 1332. Specifically, the plaintiffs state that "one of the members of the sole member of [ROM] is considered not to have a domicile for diversity purposes which in essence destroys federal diversity." *Id.* at 1. In the supporting memorandum, the plaintiffs argue that ROM is a "Louisiana [Limited] Liability Company, which is defined as an unincorporated association with one or more members. LA REV. STAT ANN. § 12:1301(A)(10) (2010). To determine the residence of a limited liability company for the purposes of diversity jurisdiction under § 1332, the residence of all members must be taken into account." Doc. 7, att. 1, p. 2 (citing *Carden v. Arkoma*, 494 U.S. 185, 196 (1990)).

The plaintiffs contend that ROM's sole member is Martin Companies, L.L.C. (Martin Co.). *Id.* Further, the plaintiffs allege that two of Martin Co.'s members, Jennifer Floyd Aulie and her daughter Seraphina Aulie, are United States citizens permanently living in Europe, that they are "stateless citizens." *See id.* at 3. Because the Aulies are not domiciled within a specific state, the plaintiffs argue that the Aulies (and Martin Co. and ROM) cannot be sued in federal court on the basis of diversity jurisdiction. *See id.* (citing, *inter alia*, *Hernandez v. Lucas*, 254 F.

2

Supp. 901 (S.D. Tex. 1966); *Ayenu v. Chevy Chase Bank*, 496 F. Supp.2d 607 (D. Md. 2007); *Carl v. Galuska*, 785 F. Supp. 1283 (N.D. Ill. 1992)).  Therefore, the plaintiffs conclude that diversity jurisdiction is lacking and that remanding this case to state court is proper.

HSB opposed remand and requested leave to conduct discovery on the jurisdictional issues, specifically the domicile of the Aulies.  *See* docs. 10, 17.  The plaintiffs disputed the need for jurisdictional discovery; arguing that Jennifer Aulie's verified statement (doc. 7, att. 3) is all that this court should consider in making its determination.  Doc. 18.  Nevertheless, this court granted HSB's request and set deadlines for supplemental briefing.  *See* docs. 19, 21, 27.

On November 11, 2011, HSB filed its supplemental opposition to ROM's motion to remand.  Doc. 28.  Therein, HSB sets forth several arguments in favor of federal diversity jurisdiction.  The first is that the Aulies are legally domiciled in Louisiana.  *See id*. at 8, 18.  In making this argument, HSB focuses significantly on the legal factors relating to a person's domicile (discussed below) as they pertain to Jennifer Aulie.[1]  With respect to Serephina Aulie, HSB suggests that "there is insufficient evidence for this Court to conclude that she ever changed her legal domicile" from Louisiana.  *See id.* at 18.

Alternatively, HSB argues that the plaintiffs have failed to prove that the Aulies are actually members of Martin Co.  *Id.* at 15.  Specifically, HSB submits that the evidence of Jennifer Aulie's membership interest in Martin Co. is lacking because the plaintiffs have produced a "fraudulent affidavit" whereby Jennifer Aulie allegedly acquired a membership interest in Martin Co., and that the plaintiffs have failed to produce any evidence of the stock transfers Jennifer Aulie allegedly made in consideration for obtaining said membership interest.  *See id.* at 15.

---

[1] During jurisdictional discovery, Jennifer Aulie provided a sworn statement to the parties, by telephone, in which she discussed her current living situation.  *See* doc. 28, att. 4.

Finally, and again alternatively, HSB argues that even if the Aulies are found to be "stateless citizens" and members of Martin Co., their citizenship should not be considered for the purposes of subject matter jurisdiction. *See id.* at 19-20. HSB suggests that "[ROM], should be treated as a corporation for diversity jurisdiction purposes and/or the real parties at interest in this case, and [the] inquiry as to plaintiffs' citizenship should stop once their state of incorporation and principal place of business have been determined." *Id.* at 20. In support, HSB adopts and incorporates by reference, the arguments set forth in Liberty Mutual Insurance Company's Memorandum filed on November 8, 2011, in *Martco Limited Partnership v. Bruks-Klockner, Inc.*, No. 2:07-cv-2002, record document 353. *Id.*; *see also* doc. 28, att. 11.

On November 17, 2011, the plaintiffs filed a reply to HSB's supplemental memorandum. Doc. 29. Therein, the plaintiffs resubmit their contention that the Aulies are United States citizens permanently domiciled outside of the United States. *See id.* at 5. This contention is supported by a brief biographical timeline of Jennifer and Seraphina Aulie. *See id.* at 6-8. Additionally, the plaintiffs purport to refute HSB's argument, that the Aulies are not actual members of Martin Co., by providing analysis of Louisiana business law and the evidence pertaining to the Aulies' membership. *See id.* at 15-17. Finally, the plaintiffs argue that HSB's suggestion, that ROM be treated as a corporation for diversity jurisdiction purposes, is contrary to controlling authority. *See id.* at 17-18.

## *Law and Analysis*

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and by statute. *Id.* Congress has bestowed original jurisdiction in federal district courts for all civil matters where the parties are citizens of different states and the amount in

controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Civil actions that are filed in state court may be removed to federal court by a defendant if the conditions set forth in section 1332 are met. *See* 28 U.S.C. § 1441.

The issue presently before the court is whether the parties to this action are completely diverse. Plaintiffs, ROM and Martco, have presented an unusual situation: that the Aulies, and by extension ROM, are "stateless citizens" who have no domicile for diversity purposes which, in turn, destroys subject matter jurisdiction in this court. *See* doc. 7, p. 1.

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and as the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986)). Any ambiguities are construed against removal as the removal statute is strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 524 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). When a party to a suit is a Limited Liability Company (LLC), "the citizenship of [the] LLC is determined by the citizenship of <u>all</u> it members." *Id.* at 1080 (emphasis added). Similarly, the citizenship of a Limited Partnership (LP) is based upon the citizenship of each of its partners. *See Camden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). When partners or members are themselves LLCs or LPs, the citizenship must be traced through however many layers of members/partners there may be. *See Meyerson v. Harrah's East*

*Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Bozman v. Shreveport Doctor's Hosp.*, No. 06-0810, 2006 WL 2524161, at *1 (W.D. La. Aug. 30, 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sep. 24, 2007).

In this case, the parties are HSB, a Connecticut corporation, versus ROM, a Louisiana LLC, and Martco, a Louisiana LP. To prevent remand, HSB, the removing party, must show by a preponderance of the evidence that it is diverse from the members/partners of ROM and Martco. Further, because Martin Co. is the sole member of ROM, and also a LLC, HSB must show that it is diverse from the members of Martin Co.

ROM suggests that HSB cannot show diversity with Martin Co. members Jennifer and Seraphina Aulie. HSB argues that the evidence does not indicate that the Aulies are actually members of Martin Co. Doc. 28, p. 15. Specifically, HSB contends that the Act of Transfer document [doc. 29, att. 2], which plaintiffs have submitted to prove the Aulies interest in Martin Co., is a "fraudulent affidavit" which:

> falsely represents that Jennifer Floyd Aulie personally appeared in Rapides Parish, Louisiana, on December 10, 2003, before David Huffman, Notary Public, and two witnesses . . . to be sworn and declare under oath, 'in consideration of the issuance of membership interests in MARTIN COMPANIES, L.L.C., ROM,' Jennifer Floyd Aulie was transferring her property listed on Exhibit A of the Act of Transfer, that is, 'Shares of Stock.'

*Id.* at 16 (citing doc. 29, att. 2). HSB notes that the date on the Act of Transfer conflicts with Jennifer Aulie's sworn statement [doc. 28, att. 4]. *Id.* Indeed, in Jennifer Aulie's sworn statement she acknowledges that the signature on the Act of Transfer is hers, but that she was not in Rapides Parish on December 10, 2003, and that she has never met the Notary Public, David Huffman, or the witnesses. Doc. 28, att. 4, p. 54-55. She states that the "papers" were sent to

6

her home in Europe, where she signed them. *Id.* Additionally, HSB argues that evidence of the stock transfer allegedly made in consideration of Jennifer Aulie's acquisition of interest in Martin Co. is lacking. Doc. 28, p. 16.

We conclude that Jennifer Aulie is a member of Martin Co. It is uncontested that Jennifer Aulie has received distributions from Martin Co., that her name is listed in the company documents as a "member," and that it is her signature on the Act of Transfer document. Furthermore, while HSB has identified flaws in the Act of Transfer document, HSB has failed to offer any jurisprudential analysis of why such flaws would render the transaction void. Plaintiffs have suggested that under Louisiana law, which is applicable because that is where Martin Co., ROM, and Martco are organized, the Act of Transfer document is a "document acknowledging an exchange." Doc. 29, p. 16.

Louisiana Civil Code article 2660 defines exchange as "a contract whereby each party transfers to the other the ownership of a thing other than money. Ownership of the things exchanged is transferred between the parties as soon as there is agreement on the things[.]" Article 2660 does not give form requirements for an exchange, let alone require proper notarization. For these reasons, and because HSB has offered no authority supporting its position, we find that the evidence indicates that Jennifer Aulie is a member of Martin Co.

HSB's next argument is one borrowed from a brief filed by Liberty Mutual Insurance Co. (Liberty Mutual) in *Martco Limited Partnership v. Bruks-Klockner, Inc.*, No. 2:07-cv-2002, record document 353. *See* doc. 28, att. 11.[2] The issue raised in Liberty Mutual's brief is "whether the Aulies should be considered nominal parties whose citizenship does not destroy

---

[2] Liberty Mutual's brief was submitted on the same question at issue in this case: whether Jennifer Aulie's membership in Martin Co. prevents federal diversity jurisdiction when one of the Martin family entities is sued in federal court. *See id.*

diversity." *Id.* at 2. In raising this issue, Liberty Mutual argues that the rule for determining the domicile of LLCs (by looking to the domicile of LLC members) is "impractical" and in "conflict with the more established line of cases which hold that in determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, not the citizenship of nominal or formal parties who have no real interest in the dispute before the court." *Id.* (citing *Wolff v. Wolff*, 768 F.2d 642 (5th Cir. 1985); *Vermillion Parish Sch. Bd. v. BHP Billiton Petroleum (Americas), Inc.*, No. 04-2069, 2005 WL 2406157 (W.D. La. Sep. 29, 2005)). Furthermore, Liberty Mutual notes that neither the United States Supreme Court nor the Fifth Circuit has specifically addressed the citizenship analysis for multi-layered LLCs, thus it is suggested that this court is not bound by precedent to examine the domicile of members of Martin Co. *See* doc. 28, att. 11, p. 5. HSB suggests that this court take the opportunity to establish a new rule for multi-layered LLCs and treat them as corporations for the purposes of analyzing diversity jurisdiction. Doc. 28, p. 20.

      Such an approach would be a steep departure from decisions by the Fifth Circuit Court of Appeals as well as numerous district court decisions within this very district. This court declines to make such a departure. Analyzing ROM's domicile as a corporation would ignore completely, *inter alia*, the Fifth Circuit's decision in *Harvey v. Grey Wolf Drilling Co.* To determine whether diversity exists in this case, the domicile of each member of ROM will be considered. Since the only member of ROM is Martin Co., also an LLC, its members' domiciles will be evaluated too. Therefore, this court now turns to the question of the Aulies' domicile.

      HSB argues that the Aulies are domiciled in Louisiana. ROM and Jennifer Aulie contend that they are United States citizens permanently domiciled in Europe.

      The question of a person's domicile is a matter of federal common law. *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003) (citing *Coury v.*

8

*Prot*, 85 F.3d 244, 248; 15 *Moore's Federal Practice* § 102.34(3)(a) (3d ed. 2001)).  Domicile is a person's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  A person acquires a "domicile of origin" at birth, and this domicile is presumed to continue absent sufficient evidence of change.  *Id.* (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)).

There is a presumption of continuing domicile that applies whenever a person relocates. *Id.* (citing *Coury*, 85 F.3d at 250).  In order to defeat the presumption and establish a new domicile the person must demonstrate both (1) residence in a new state, and (2) an intention to remain there indefinitely.  *Id.*  There is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established.  *Id.* (citing 15 *Moore's* § 102.34(3)(a)).

In determining whether a person has changed his (or her) domicile, courts have identified many factors to consider.  *Acridge*, 334 F.3d at 448 (citing *Coury*, 85 F.3d at 251).  These factors include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.  *Id.*  The court should, when undertaking this examination, weigh all factors equally; no single factor is determinative.  *Id.*  In addition to these factors, courts are to consider "all evidence" that sheds light on a party's intent to establish domicile.  *Coury*, 85 F.3d at 251.  Finally, "statements of intent, either to remain in a previous domicile or to establish a new one, are entitled to little weight if they conflict with the objective facts."  *Id.* (internal quotations omitted).

In this case, the evidence clearly shows that Jennifer Aulie is domiciled in Austria. It is uncontested that Jennifer Aulie was previously domiciled in Louisiana; however, in her "verified statement," Jennifer Aulie submits, "under penalty of perjury," that she has lived in the European Union for the last twenty (20) years; residing in Austria since April 2003. Doc. 7, att. 3. She further states that she has a permanent resident visa for Austria, that her permanent mailing address is in Austria, and that she has no plans or intentions to return to the United States to reside or visit. *Id.* Jennifer Aulie's statement unambiguously indicates to this court that she has established a residence in Austria and intends to remain there indefinitely. Such a statement is to be disregarded only if the objective facts indicate otherwise.

In an effort to establish that Jennifer Aulie's domicile remains in Louisiana HSB relies on the fact that Jennifer Aulie has "strong and longstanding personal, family, and business connections to Louisiana." *See* doc. 28, p. 10. However, there is no rule which requires that someone sever all ties with their previous domicile to establish a new one. Additionally, Jennifer Aulie's "strong and longstanding" connections are easily explained: she has family (her grandmother) in Louisiana, as well as, substantial business interests (Martin Co.). These business interests require her to pay local and federal taxes, thus she has an accountant in Louisiana. In the year 2000, Jennifer Aulie took advantage of Louisiana Revised Statute 18:101E, which allows for expatriated Americans, who were previously domiciled in Louisiana, yet have no intention to return, to vote in national elections. This evidence does, as HSB suggests, show a connection between Jennifer Aulie and her past and "presumed" domicile, Louisiana. However, the evidence below defeats this presumption and shows that Jennifer Aulie has changed her domicile to Austria.

As already noted, Jennifer Aulie has lived in the European Union for the last twenty years. While she has maintained her United States citizenship, Jennifer Aulie has obtained a permanent resident visa in Austria and has lived at her current residence since 2003. She is currently in the process of establishing a private practice as a certified musical therapist there. *See* doc. 29, p. 13. She speaks German (the national language of Germany and Austria) and holds a valid European Union driver's license. *Id.* Finally, Jennifer Aulie has only been to the United States twice in the last twenty years; once to visit her grandmother in Louisiana and once to spend time with her mother and some charitable organizations,[3] in Michigan and Oregon. *See id.* at 7-8. These "objective facts," coupled with Jennifer Aulie's statement of intent to remain in Austria, clearly indicate to this court that, at the time on removal of this case in May of 2011, Jennifer Aulie was a United States citizen, domiciled abroad.

United States citizens permanently residing abroad are not citizens of any particular state in the United States and, therefore, cannot sue or be sued in federal court on the basis of diversity jurisdiction. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); *Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001); *see also* 13E CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3621 (3d ed. 2012). Therefore, Jennifer Aulie, and by extension Martin Co. and ROM, cannot be sued in federal court on the basis of diversity jurisdiction. HSB has not carried its burden in establishing that subject-matter jurisdiction exists in this case and the plaintiffs' motion to remand must be granted.

---

[3] Jennifer Aulie is contributes financially, and occasionally through articles for publication, to two charitable organizations; one is a prison outreach program based in Michigan, and the other is a Native American community based in Oregon. Jennifer Aulie's mother lives in Ann Arbor, Michigan. *See id.* at 7-8.

Case 2:11-cv-00804-PM-KK Document 30 Filed 05/04/12 Page 12 of 12 PageID #: 515

*Conclusion*

For the reasons above, it is found that the removing party, HSB, has not carried its burden in establishing that valid diversity jurisdiction exists in this case and the plaintiffs' Motion to Remand [doc. 7] is hereby **GRANTED**.

A separate order of remand is being issued herewith. As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review. Should either party seek review from the district court, then the effect of this order is suspended until final resolution of the issue by the district court.

THUS DONE this 4th day of May, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

12